PEOPLE v. BANKS

1. HOMICIDE—FIRST-DEGREE MURDER—ELEMENTS.
   A first-degree murder conviction must be supported by a finding beyond a reasonable doubt that there was premeditation and deliberation in the killing and such a lapse of time as would give the mind time to calculate the purpose and intent of the killing.

2. HOMICIDE—FIRST-DEGREE MURDER—ELEMENTS—EVIDENCE.
   Defendant was entitled to a directed verdict of acquittal on a first-degree murder charge where there was no evidence supporting an inference of premeditation and deliberation.

Appeal from Oakland, Arthur E. Moore, J. Submitted Division 2 November 8, 1971, at Lansing. (Docket No. 11250.) Decided November 29, 1971.

Walter Banks was convicted of first-degree murder. Defendant appeals. Reversed and remanded.

*Frank J. Kelley*, Attorney General, *Robert A. Derengoski*, Solicitor General, *Thomas G. Plunkett*, Prosecuting Attorney, and *Dennis Donohue*, Chief Appellate Counsel, for the people.

*Condit, Denison, Devine, Porter & Bartush*, for defendant on appeal.

REFERENCES FOR POINTS IN HEADNOTES
[1] 40 Am Jur 2d, Homicide §§ 246, 425, 437, 439.
[2] 53 Am Jur, Trial §§ 302, 415–426.
   40 Am Jur 2d, Homicide § 459.

Before: McGREGOR, P. J., and FITZGERALD and QUINN, JJ.

PER CURIAM. Defendant was first tried and convicted by a jury of first-degree murder[1] on January 10, 1952. Because of error in the court's instructions and in the form of the jury's verdict, defendant's motion for new trial was granted. Defendant was retried on the same charge and once again convicted. Defendant's motion for directed verdict at the close of the proofs was denied. Defendant was sentenced to life imprisonment on April 5, 1955.

Defendant's delayed motion for new trial was denied in Oakland County Circuit Court on January 12, 1971. From the denial of the motion for new trial, defendant made application in this Court for a delayed appeal. That application was granted on May 12, 1971.

Defendant's brief sets out the facts which led to defendant's conviction by carefully and accurately summarizing the testimony heard at trial. The people have accepted defendant's statement of facts. We do not reach the issue raised by defendant on appeal for the reason that in order to support a conviction for first-degree murder, the prosecution must prove beyond a reasonable doubt that there was premeditation and deliberation and such a lapse of time as would give the mind time to calculate the purpose and intent of the killing. *People* v. *Case*, 7 Mich App 217 (1967); *People* v. *Bergin*, 16 Mich App 443 (1969). The prosecution introduced no evidence to support such a finding by the jury. Thus, the trial court should have granted defendant's motion for directed verdict at least with regard to the charge of first-degree murder. In regard to first-

---

[1] MCLA 750.316; MSA 28.548.

degree murder, the verdict was against the great weight of the evidence since no evidence introduced at trial fairly supports an inference of premeditation and deliberation.

Under GCR 1963, 820.1, this Court, in its discretion, may "give any judgment and make any order which ought to have been given or made, and make such other and further orders and grant such relief, as the case may require". Thus, this Court will grant the defendant's motion for directed verdict at least on the charge of first-degree murder and reverse defendant's conviction and remand it for a new trial. In such case, double jeopardy will attach and defendant cannot be retried on the charge of first-degree murder.

Reversed and remanded for proceedings consistent with this opinion.